# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

IN RE:
JUSTIN DAVID BELL
CONNIE DUNCAN BELL
DEBTORS                                                        CASE NO. 18-50940

### TRUSTEE'S REPORT AND
### RECOMMENDATION AS TO CONFIRMATION

Confirmation: NOT RECOMMENDED

    1.    Debtors testified to an unencumbered ownership of a 2015 Hyundai Sante Fe. The vehicle is not included in Debtors' schedule of assets. Amend Schedule A/B to list and value the estate's interest in the 2015 Hyundai.

    2.    According to the claims filed by the Department of the Treasury – Internal Revenue Service, POC 2-1, and by the Commonwealth of Kentucky Department of Revenue, POC 1-1, Debtors have not filed all required tax returns for 2017. Sections 1325(a)(9) and 1308 of the Bankruptcy Code require that all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition be filed with the taxing entity before a plan can be confirmed. The plan cannot be confirmed until there is evidence in the record that the tax returns are filed. Acceptable forms of evidence are amended claims of the taxing authorities or an affidavit or declaration of Debtors.

    3.    The plan is not feasible. The IRS claim for unpaid taxes contains an amount higher than estimated in the schedules. A portion of the debt included in the claim is an estimate of liability. After Debtors file all missing tax returns and address all other issues raised in this report, if the plan is otherwise confirmable, the Trustee has no objection to confirmation with the understanding that the Trustee will re-evaluate feasibility of the plan following the conclusion of the case audit after the claims bar date thereby allowing time for the taxing entity to amended the

claim and for Debtors to amend the plan as necessary. If the plan is not feasible at the time of the bar audit, the Trustee will seek dismissal of the case. Debtors will then have an opportunity to amend the plan in response to the motion to dismiss.

4. Schedule J reflects an expense for payments on student loans. If Debtors intend to pay the loan payments directly to the creditor, amend the plan adding a nonstandard plan provision stating this information. If, however, Debtors intend to pay the student loans by trustee disbursement, amend Schedule J to delete this expense and amend the plan to increase plan payments by the amount of the loan payment listed on Schedule J, which is $150.00.

5. According to pay documents provided to the Trustee, the net income of Mr. Bell appears understated on Schedule I by approximately $423.00. The net income of Mrs. Bell appears understated on Schedule I by approximately $376.00, for a combined monthly underreporting of income of $797.00. Amend Schedule I to reflect household income accurately or provide an explanation of the difference between the scheduled amounts and the employer pay documents. If Debtors amend Schedule I to report the increased income, amend the plan to increase plan payments consistent with any increase in household disposable income.

6. The plan proposes to pay the claim of Daily's Body Shop secured by an interest in the 2001 Chevrolet Malibu by Debtors making payments directly to the creditor. The Trustee requests that Debtors provide the date on which the final payment on this loan is due. If the final payment occurs during the course of the plan, amend the plan to increase plan payments by $130.00 per month starting in the month after making the final payment.

7. Schedule J reflects an expense for Debtors' adult son's vehicle loan payment. Debtors testified that they do not make this payment. Amend Schedule J to delete this expense and amend the plan to increase plan payments by the amount of the loan payment listed on Schedule J, which is $331.00.

        Beverly M. Burden, Chapter 13 Trustee

By:    /s/ Cheryl E. James
        Cheryl E. James,
        Attorney for Trustee
        Ky. Bar ID:  88883
        P.O. Box 2204
        Lexington, KY 40588-2204
        (859) 233-1527
        notices@ch13edky.com

## CERTIFICATE OF SERVICE

The foregoing was served via ECF on Brian T. Canupp, Esq. on July 9, 2018.

        Beverly M. Burden, Chapter 13 Trustee

By:    /s/ Cheryl E. James
        Cheryl E. James,
        Attorney for Trustee